UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLOMON CHEHEBAR,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>Defendant(s). | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff SOLOMON CHEHEBAR ("Plaintiff"), by and through his attorneys, Edward B. Geller, Esq., P.C., as and for its Complaint against the Defendant DIVERSIFIED CONSULTANTS, INC. (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act.

### PARTIES

2. Plaintiff SOLOMON CHEHEBAR is a resident of the State of New Jersey, residing at 221 Elmwood Road, Oakhurst, New Jersey 07755.

3. Defendant DIVERSIFIED CONSULTANTS, INC. is a Florida corporation engaged in the business of debt collection with its address at 10550 Deerwood Park Boulevard, #309, Jacksonville, FL 32256.

4. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA

under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Defendant commenced collection efforts and communication with the Plaintiff by sending Plaintiff a letter on or about March 15, 2015 stating that Plaintiff owed $695.77 to a telecommunications creditor.

11. On July 27, 2015, Plaintiff requested that his spouse, Sara Chehebar, place a telephone call to Defendant to obtain information and dispute the amount claimed due.

12. On July 27, 2015, Sara Chehebar placed a telephone call to Defendant and was connected to an employee of Defendant who identified herself as what sounded like "Meridia."

13. Plaintiff's spouse then provided information "Meridia" requested.

14. Plaintiff's spouse then asked "Meridia" when the account was opened and when the last payment had been made which "Meridia" stated she could not answer.

15. Plaintiff's spouse then asked if the balance reflected any interest charges which "Meridia" was unable to answer.

16. Plaintiff's spouse then asked if there was a breakdown of the charges to which "Meridia" replied that Defendant was not provided with a breakdown.

17. Plaintiff's spouse then asked if Defendant had reported the account to credit bureaus and "Meridia" stated that she did not know.

18. Plaintiff's spouse then asked how she might obtain a breakdown of charges and "Meridia" said, "One second," and placed Plaintiff on hold.

19. Moments later a male voice came on the line offering to help Plaintiff's spouse who identified himself as a supervisor.

20. Plaintiff's spouse then asked the supervisor if any interest or late fees existed and if the account was on her credit report.

21. Defendant's supervisor stated that the balance did not reflect any additional fees and that the creditor did report the account to credit bureaus.

22. Plaintiff's spouse then informed Defendant's supervisor that she wished to dispute the debt.

23. Defendant's supervisor asked Plaintiff's spouse: "What part of it are you disputing?" to which Plaintiff's spouse replied that she was disputing it all.

24. Defendant's supervisor then asked why she was disputing it all and Plaintiff's spouse replied that she did not think Plaintiff owed it.

25. Defendant's supervisor then stated: "Because when it comes to the balance, I

can help you out with the settlement because we can resolve it because if we send it back to [creditor] they're going to validate it and if it comes back as a valid debt, you're going to owe $695.77 or I can offer you a settlement and save you all that trouble and we can close it up for a lesser amount."

26. Plaintiff asked how she might dispute.

27. Defendant's supervisor replied: "I can put it on as dispute for you but if it comes back as a valid debt, the $695.77 is going to be owed," to which Plaintiff replied, "Okay."

28. Defendant's supervisor then stated that he would dispute the account but that Plaintiff might be required to send "a letter of disputation," stating that it depended on the creditor.

29. Plaintiff's spouse asked once again if Defendant could break down the balance owed and this time Defendant's supervisor stated that "it looked like" usage and service and equipment fees, a past due balance and a termination fee.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. 15 USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

32. Defendant is in violation of 15 USC §1692 e –preface by sending collection correspondence to Plaintiff which states only an amount owed to a creditor but when Defendant is contacted, refuses to provide information to explain and assist with a dispute

as Plaintiff did on July 27, 2015. Defendant's employee, "Meridia," stated that she was unable to provide any information and without informing Plaintiff's spouse and representative, transferred the call to her supervisor who similarly withheld requested information which would assist Plaintiff in evaluating the charges claimed. Upon information and belief, Defendant is in possession of much if not all of the information which Plaintiff needed, specifically a breakdown of the charges sought. Despite two employees claiming that they had no breakdown of charges, at the end of the telephone communication of July 27, 2015, Defendant's supervisor responded to Plaintiff's third request for said breakdown by stating that "it looked like" usage and service and equipment fees, a past due balance and a termination fee. Said response strongly suggests that Defendant's supervisor was viewing a computer record in order to state that "it looked like," which record would have the information Plaintiff sought but was being deceptively withheld by Defendant.

33.  15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

34.  The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably refusing to provide information regarding an alleged debt which Plaintiff requested. When Plaintiff's spouse, Sara Chehebar, began asking questions, Defendant's employee, without warning, transferred Mrs. Chehebar to a supervisor who proceeded to unfairly discourage Plaintiff's expressed wish to dispute. Defendant's supervisor urged Plaintiff to pay a lesser amount in settlement and warningly repeated that if Plaintiff disputed and the creditor determined the debt was valid, he would have to pay the entire amount. After being informed unfairly by both of Defendant's employees that no itemized information or breakdown of the charges sought were available, Defendant's supervisor

suggested that he was in fact viewing those very items, mentioning usage and service and equipment fees, a past due balance and a termination fee, information he would have no way of knowing if it was not on Defendant's computer screen and available to Defendant's employees.

35. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

36. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: September 16, 2015

Respectfully submitted,

*[signature]*

EDWARD B. GELLER, ESQ. (EG9763)
EDWARD B. GELLER, ESQ., P.C.
Attorney for the Plaintiff SOLOMON CHEHEBAR

To: Diversified Consultants, Inc.
10550 Deerwood Pk. Blvd. Ste 309
Jacksonville, Florida, 32256

(*Via Prescribed Service*)

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(*Via Electronic Court Filing*)